IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONALD MAYS, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:15-CV-455-WKW |
| | ) | [WO] |
| ANNA THRASH, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Ronald Mays, Roberta Mays-Menifee, and Christian Mays bring this action under 42 U.S.C. § 1983 against Defendants Anna Thrash, Troy Arnold, Jeremy Ledyard, and Caroline Carr for incidents of unlawful arrest, false imprisonment, and unlawful searches and seizures.  (Doc. #1 at 5-8.)  Plaintiff Ronald Mays also asserts a state-law claim for defamation against Defendant John A. Yung, IV for allegedly distributing racist and disparaging literature in Plaintiffs' neighborhood describing Plaintiff Ronald Mays as "our affirmative action, blue gum, burr head monkey."  (Doc. #1 at ¶ 31.)  In an Order entered on July 30, 2015, the court *sua sponte* directed Plaintiffs to show cause why the defamation claim should not be dismissed for lack of jurisdiction.  (Doc. #23.)

As the Eleventh Circuit has explained, 28 U.S.C. § 1367 "reflects a dichotomy between a federal court's *power* to exercise supplemental jurisdiction, §

1367(a), and its *discretion* not to exercise such jurisdiction, § 1367(c)." *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997).  The court has the power to exercise supplemental jurisdiction over the state-law defamation claim only if the defamation claim "arise[s] out of a common nucleus of operative fact" as the "substantial federal claim" supplying original jurisdiction.  *Id.*  To determine whether the claims share a common nucleus of operative fact, the court "must take the nucleus of facts on which the federal question claims are based and compare it to the nucleus of facts on which the state law claims are based."  *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 679 (11th Cir. 2012).  This comparison "is ordinarily determined on the pleadings."  *Lucero*, 121 F.3d at 598.  Where "each claim involves the same facts, occurrences, witnesses, and evidence," the commonality between the federal and state-law claims "is sufficient to satisfy the constitutional minimum required by section 1367(a)."  *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1566 (11th Cir. 1994).

Based on the applicable law, the court finds that the state-law defamation claim does not arise out of a common nucleus of operative fact with the § 1983 claim because the claims present different factual occurrences requiring separate proof.  As alleged in the complaint, Plaintiffs' § 1983 claims are based on allegations that Defendants Thrash, Arnold, Ledyard, and Carr unlawfully issued

2

and executed warrants for criminal trespass and criminal tampering without probable cause, subjected Plaintiff Ronald Mays to unlawful arrest and false imprisonment, and conducted unlawful searches and seizures of Plaintiffs' property.  (Doc. #1 at 5-8.)   The § 1983 claim will require evidence that (1) Plaintiffs were deprived of a right secured by the United States Constitution, and (2) "the act or omission causing the deprivation was committed by an individual acting under color of state law."  *Wideman v. Shallowford Cmty. Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  In contrast, the defamation claim will require that Plaintiff Ronald Mays prove that Defendant Yung was at least negligent in publishing a false and defamatory statement to another concerning the plaintiff, which is either actionable without having to prove special harm or actionable upon allegations and proof of special harm.  *Gary v. Crouch*, 867 So. 2d 310, 315 (Ala. 2003) (citing RESTATEMENT (SECOND) OF TORTS § 558 (1977)) (internal citations omitted).

Thus, the nucleus of facts on which the federal claims are based involves acts and omissions of one set of Defendants who allegedly deprived Plaintiffs of their constitutional rights under the guise of the state's law enforcement and judicial powers, and the nucleus of facts on which the defamation claim is based involves acts and omissions of a private citizen who allegedly published racist slurs about Plaintiff Ronald Mays to other private citizens in Plaintiffs'

neighborhood.  Although Plaintiffs' claims are all tangentially related to a feud between neighbors, the federal and state-law claims do not involve "the same facts, occurrences, witnesses, and evidence."  *Palmer*, 22 F.3d at 1566.  Therefore, the court does not have supplemental jurisdiction over Plaintiff Ronald Mays's state-law defamation claim.

Accordingly, it is ORDERED that Plaintiff's supplemental state-law claim for defamation is DISMISSED without prejudice for lack of supplemental jurisdiction pursuant to § 1367(a).  Further, there being no other claims asserted against Defendant Yung, Defendant Yung is DISMISSED from this action.

DONE this 5th day of February, 2016.

_____
/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE